UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ALBERTO A. ALVAREZ,

    Petitioner,

    v.      CAUSE NO. 3:24-CV-765-CCB-SJF

WARDEN,

    Respondent.

OPINION AND ORDER

Alberto A. Alvarez, a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2254 to challenge his conviction for voluntary manslaughter under Case No. 20C01-2205-MR-5. Following a guilty plea, on November 30, 2023, the Elkhart Superior Court sentenced him to forty-three years of incarceration.[1] Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the habeas petition, Alvarez argues that 18 U.S. Code § 1112 sets a maximum sentence for voluntary manslaughter at fifteen years and preempts the Indiana sentencing scheme along with his forty-three year sentence under the Supremacy Clause. With respect to federal preemption, "Congress' intent may be explicitly stated in the statute's language or implicitly contained in its structure and purpose." *Jones v.*

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

*Rath Packing Co.*, 430 U.S. 519, 525 (1977). "In the absence of an express congressional command, state law is pre-empted if that law actually conflicts with federal law or if federal law so thoroughly occupies a legislative field as to make reasonable the inference that Congress left no room for the States to supplement it." *Cipollone v. Liggett Grp.*, Inc., 505 U.S. 504, 516 (1992). "[Courts] have found implied conflict pre-emption where it is impossible for a private party to comply with both state and federal requirements or where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Freightliner Corp. v. Myrick*, 514 U.S. 280, 287 (1995).

"When addressing questions of express or implied pre-emption, [courts begin the] analysis with the assumption that the historic police powers of the States [are] not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress." *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947). "That assumption applies with particular force when Congress has legislated in a field traditionally occupied by the States." *Altria Grp., Inc. v. Good*, 555 U.S. 70, 77 (2008). "The challenger must show that applying the state law would do major damage to clear and substantial federal interests." *C.Y. Wholesale, Inc. v. Holcomb*, 965 F.3d 541, 547 (7th Cir. 2020).

The federal criminal offense of manslaughter is codified by statute as follows:

(a) Manslaughter is the unlawful killing of a human being without malice. It is of two kinds:

> Voluntary—Upon a sudden quarrel or heat of passion.
>
> Involuntary—In the commission of an unlawful act not amounting to a felony, or in the commission in an unlawful manner, or

> without due caution and circumspection, of a lawful act which might produce death.
>
> (b) Within the special maritime and territorial jurisdiction of the United States,
>
> > Whoever is guilty of voluntary manslaughter, shall be fined under this title or imprisoned not more than 15 years, or both;
> >
> > Whoever is guilty of involuntary manslaughter, shall be fined under this title or imprisoned not more than 8 years, or both.

18 U.S.C. § 1112.

> The Elkhart Superior Court sentenced Alvarez as follows:
>
> Here, Alvarez pled guilty to voluntary manslaughter as Level 2 felony. "A person who commits a Level 2 felony shall be imprisoned for a fixed term of between ten (10) and thirty (30) years, with the advisory sentence *being seventeen and one half (17 1/2) years.*" Ind. Code § 35-50-2-4.5 (emphasis added). The trial court sentenced Alvarez to 28 years for his Level 2 felony conviction. Alvarez also used a firearm in committing his offense. "The court may sentence the person to an additional fixed term of imprisonment of between five (5) years and twenty (20) years." *Id.* § 35-50-2-11(g). The trial court enhanced Alvarez's 28-year sentence by 15 years executed at the DOC for his use of a firearm, resulting in an aggregate sentence of 43 years executed at the DOC.

*Alvarez v. State*, 2024 WL 3913524, at *2 (Ind. Ct. App. 2024). Alvarez represented at his guilty plea hearing that he killed another person in Elkhart County, which suggests that the Indiana courts had jurisdiction over the voluntary manslaughter offense because "either the conduct that is an element of the offense, the result that is an element, or both, occur in Indiana." Ind. Code § 35-41-1-1(b)(1).)

As an initial matter, the federal statute, by its own terms, does not apply to Alvarez's offense because the offense occurred in Elkhart County rather than "within the special maritime and territorial jurisdiction of the United States." The federal statute

3

also contains no language suggesting congressional intent to preempt State law. Indeed, federal Congress has expressed the opposite intent. Specifically, Title 18, which governs federal crimes and criminal procedure, provides that "[n]othing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof." 18 U.S.C.A. § 3231.

Further, the power to regulate crimes committed within the geographic boundaries of a State is a power traditionally reserved to State governments. *Bond v. United States*, 572 U.S. 844, 854 (2014) ("The States have broad authority to enact legislation for the public good—what we have often called a police power . . . . A criminal act committed wholly within a State cannot be made an offence against the United States, unless it [has] some relation to the execution of a power of Congress, or to some matter within the jurisdiction of the United States."). Additionally, it is not particularly difficult for a private party to comply with both the federal and State requirements for voluntary manslaughter; compliance requires no more than refraining from killing another person with malice in an unjustified manner. *See* Ind. Code § 35-42-1-1 (murder); Ind. Code § 35-42-1-3 (voluntary manslaughter). Because the federal preemption claim lacks merit and because Alvarez raises no other claims, the court denies the habeas petition.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must grant or deny a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that a reasonable jurist could debate whether (or, for that matter,

4

agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons explained in this order, there is no basis for encouraging Alvarez to proceed further.

For these reasons, the court DENIES the habeas corpus petition (ECF 1); DENIES a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and DIRECTS the clerk to enter judgment in favor of the Respondent and against the Petitioner.

SO ORDERED on October 3, 2024

s/ Cristal C. Brisco
JUDGE
UNITED STATES DISTRICT COURT